STRAUSS v. HANOVER REALTY & CONSTRUCTION CO. et al.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. CONTRACTS (§ 287*)—BUILDING CONTRACT—ARCHITECT'S FINAL CERTIFICATE
—LETTERS.
    A building contract provided that no certificate of the architect or pay-
    ment, except a final certificate or payment, should be conclusive evidence
    of the performance of the contract, either in whole or in part. The archi-
    tect wrote the contractor two letters; the first calling his attention to the
    insufficiency of the Croton valves and requiring new ones, and asking
    that he leave certain washers with the janitor of the building, and the
    other stating that on the architect's last investigation he found the con-
    tractor had done all he had expected, except that there was a question
    with reference to who should pay for the damage to the ceiling and walls
    by water leaking through the roof from the refrigerator vents. Held,
    that such letters were not in effect a final certificate of the completion of
    the contract according to the contract.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1318–1322; Dec.
    Dig. § 287.*]

2  CONTRACTS (§ 287*)—COMPLETION—TENEMENT HOUSE CERTIFICATE.
    A building contract provided that the final payment should be due when
    the water was turned on and the work accepted by the architect and ap-
    proved by the tenement house and building departments. Held, that a
    certificate of the building department that the inspector had examined the
    buildings and found them to conform in all respects to the plans and spec-
    ifications and rules and regulations of the bureau of buildings was only
    effective to establish that the contract had been performed in such a way
    that the building was safe and healthful, and was no evidence that the
    contractor had complied with the contract in using proper materials and
    doing proper work.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 287.*]

Appeal from Special Term, New York County.

Action by Nathan L. Strauss against the Hanover Realty & Con-
struction Company and others. From a judgment in favor of de-
fendant Dowling, defendants Hanover Realty & Construction Com-
pany and its surety appeal. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN,
CLARKE, and HOUGHTON, JJ.

Frederick E. Anderson, for appellants.

J. P. Donellen, for respondent.

HOUGHTON, J. The action was brought to foreclose a mechanic's
lien upon premises in the city of New York owned by the defendant
Hanover Realty & Construction Company. The respondent Dowling
had the contract for the plumbing work in the various houses being
erected thereon, and filed a lien for the balance due by the terms of
his contract, which he claimed on the ground that he had failed to per-
form his contract. The contract with him provided that no certificate of
the architect or payment made under the contract, "except the final
certificate or final payment, shall be conclusive evidence of the per-
formance of this contract, either whole or in part." When the plumb-
ing work was about done, and when Dowling was claiming that his
contract was practically completed, the supervising architect wrote

him two letters. The first was dated December 27, 1906, and was as follows:

"There is one more item I wish to call your attention to; that is, the two main Croton valves to house No. 131 and 133 Sherman avenue do not stay down tight, as water gradually gets in past the valve, and would suggest that you place in two new valves, in place of the old ones. When your men go up there to do this, see that they bring along about one dozen of different size washers and give them to the janitor there. Please inform me at once when you have this done."

The other letter was dated January 14, 1907, and read:

"Replying to your inquiry as to the plumbing work at the Sherman avenue house, on my last investigation I found that you have done all that I requested, except that connections to the refrigerator vent above roofs, which will be a question to be determined between the roofer and yourself, who should pay for the damage to the ceilings and walls by water leaking through the roof."

Various payments had been made on account of the contract, and no certificate of the architect had been required on their being made. The contract provided that the final payment should be due "when water is turned on and work accepted by the architect and approved by the tenement house and building departments"; and respondent Dowling introduced in evidence over the appellants' objection a certificate of an inspector of the building department of the borough of Manhattan to the effect that he had examined the premises and had found them to conform in all respects to the approved plans and specifications and the rules and regulations of the bureau of buildings for the borough of Manhattan. Request for such an examination, of some of the houses at least, and for a certificate, had been made by the owner.

The learned trial court held that the two letters of the architect, above quoted, were in effect a final certificate of completion of the work according to contract, and that, taking them in connection with the certificate of the building department, obtained in fact or presumably by the owner, they together constituted conclusive evidence that Dowling had fully performed his contract; or, at least, estopped the owner from saying that he had not so performed. Entertaining this view, the court refused to permit the owner to introduce evidence showing lack of performance, either in workmanship or material. We are of the opinion that the two letters written by the architect to the contractor did not constitute a final certificate within the meaning of the contract, they do not purport to be certificates. It is true they only point out some minor omission or defect, and state that it has been remedied; but in no sense do they indicate that a final and thorough examination of the work had been made and found satisfactory and according to the terms of the contract.

We are also of the opinion that the learned trial court gave undue weight to the certificate of the building department. The contract provided that such a certificate of approval should be given before the contractor was entitled to his final payment. Its only probative force, however, was that the contract had been performed in such a way that the building was safe and healthful. The certificate did

not purport to, and could not, determine that the contractor had used such materials as his contract with the owner called for, and that the work had been done in the manner agreed. Dowling gave evidence that the contract was fully completed, and that the owner accepted it as such, and did not make payment because of lack of funds. However this may be, the decision was not on the merits upon the issue of performance, for the owner appellant was not permitted to develop its proof in this respect. Because of the refusal to allow such proof a new trial must be directed.

The judgment is reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

